IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., a Delaware coporation,<br><br>Petitioner,<br><br>v.<br><br>ALL YOU CAN TALK PARTNERS, INC., a Utah corporation; and WILLIAM H. CURTIS, an individual residing in Utah,<br><br>Respondents. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11-cv-315-DB-PMW<br><br><br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Cricket Communications, Inc.'s ("Petitioner") motion for a prejudgment writ of attachment.[2]

## BACKGROUND

The background of this case was detailed in a report and recommendation issued by this court on September 12, 2011.[3] The background leading up to the date of that report and recommendation is incorporated into this decision by way of reference and will not be repeated here.

---

[1] *See* docket no. 17, 24.

[2] *See* docket no. 20.

[3] *See* docket no. 19.

In that report and recommendation, this court recommended to Judge Benson that (1) Petitioner's motion to confirm the parties' arbitration award and enter judgment be granted; (2) William H. Curtis's ("Respondent") motion to vacate the parties' arbitration award, for a hearing, and for limited discovery be denied; and (3) Petitioner be granted an award of its attorneys' fees and costs incurred in seeking to confirm the arbitration award and in opposing Respondent's motion to vacate the award, in an amount to be established by the court. Respondent has filed objections to that report and recommendation,[4] and Petitioner has filed a response to those objections.[5] The report and recommendation, Respondent's objections, and Petitioner's response all remain pending before Judge Benson.

On September 13, 2011, Petitioner filed its motion for a prejudgment writ of attachment based on newly discovered information indicating that Respondent was attempting to sell certain assets (wireless stores) that he owns in Utah. Petitioner also filed a motion to expedite the hearing on its motion for a prejudgment writ of attachment. This court granted the motion to expedite and scheduled oral argument on Petitioner's underlying motion.[6]

The court held oral argument on the motion on September 29, 2011.[7] Amy F. Sorenson and Amber M. Mettler appeared on behalf of Petitioner. Respondent appeared pro se. All You Can Talk Partners, Inc., ("AYCT") was not represented at the hearing. At the conclusion of the

---

[4] *See* docket no. 28.

[5] *See* docket no. 29.

[6] *See* docket nos. 25-27.

[7] *See* docket no. 30.

hearing, the court took the motion under advisement. After carefully considering the parties' written submissions, as well as the arguments presented at the hearing, the court issues the following memorandum decision and order.

## ANALYSIS

Rule 64 of the Federal Rules of Civil Procedure provides:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Fed. R. Civ. P. 64(a). The remedies available under rule 64 include a writ of attachment. *See* Fed. R. Civ. P. 64(b).

In this case, the laws of Utah govern the procedure for a prejudgment writ of attachment. *See* Fed. R. Civ. P. 64(a). Under Utah law, rules 64A and 64C of the Utah Rules of Civil Procedure provide for prejudgment writs of attachment. Under rule 64A, issuance of a prejudgment writ is justified where (1) the property subject to attachment is not earnings and not exempt from execution; (2) the writ is not sought to hinder, delay, or defraud creditors of the defendant; (3) there is a substantial likelihood that the plaintiff will prevail on the merits of the underlying claim; and (4) the plaintiff can show at least one of seven factors enumerated as Utah Rule of Civil Procedure 64A(c)(4)-(10). *See* Utah R. Civ. P. 64A(c). As to element (4), the factors enumerated in the rule include "probable cause" that the plaintiff will lose the remedy unless the court issues the writ. Utah R. Civ. P. 64A(c)(10). Petitioner argues that factor applies

directly in this case, and the court agrees.  In addition to the requirements of rule 64A, rule 64C contains the following three additional requirements:

> (1) that the defendant is indebted to the plaintiff;
> (2)(i) that the action is upon a contract or is against a defendant who is not a resident of this state or is against a foreign corporation not qualified to do business in this state; or
> (ii) the writ is authorized by statute; and
> (3) that payment of the claim has not been secured by a lien upon property in this state.

Utah R. Civ. P. 64C(b).  Petitioner argues that all seven of the required elements are satisfied in this case.  The court will address the requirements of rule 64A and rule 64C in turn.

For the following reasons, the court concludes that Petitioner has established all of the elements of rule 64A.  First, the property that Petitioner seeks to attach, the proceeds from the sale of any of Respondent's stores, is not earnings or otherwise exempt from execution.  *See* Utah Code § 78B-5-505 (defining property exempt from execution); Utah R. Civ. P. 64(a)(5) (defining "'earnings'" as "compensation, however denominated, paid or payable to an individual for personal services, including periodic payments pursuant to a pension or retirement program").

Second, Petitioner is not seeking this writ to hinder, delay, or defraud creditors. Petitioner is simply attempting to ensure that any potential judgment entered in this case is not rendered worthless by dissipation of Respondent's income-producing assets.  While it is true that Petitioner may not be the only creditor of Respondent, there is no indication that Petitioner is seeking the writ to hinder, delay, or defraud any of Respondent's creditors.  Further, "[t]he court recognizes that, even in the event [Petitioner] prevail[s] in this [case], other creditors may have claims on the[] attached funds.  Such disputes may be addressed at a future date and do not

prevent Plaintiffs from meeting their burden as to this prong." *ASKM, LLC v. Fry*, No. 2:08-cv-786-TC-DN, 2009 U.S. Dist. LEXIS 111522, at *8 (D. Utah Dec. 1, 2009).

Third, the court concludes that there is a substantial likelihood that Petitioner will prevail on the merits of this case.  Indeed, this court has already recommended to Judge Benson that the arbitration award in this case be confirmed and that judgment be entered in Petitioner's favor.

Fourth, the court concludes that there is probable cause that Petitioner will lose its remedy unless the writ is issued.  If Respondent is allowed to sell his stores without court control over the sales proceeds, any potential judgment for Petitioner would be rendered worthless.

For the following reasons, the court concludes that Petitioner has likewise established all of the elements of rule 64C.  First, Respondent and AYCT are clearly indebted to Petitioner.  Second, that debt and this action are premised upon Respondent and AYCT's breaches of the parties' contracts.  Finally, no lien has yet been obtained on the debt.

Because Petitioner has established all seven of the necessary elements under rules 64A and 64C, its motion for a prejudgment writ of attachment is granted.  Petitioner's counsel shall prepare and submit to this court the necessary paperwork for issuance of the writ.

As a final matter, the court notes that AYCT remains unrepresented in this case.  The court again reminds Respondent that, as a pro se party, he cannot represent any corporate entity, including AYCT.  Instead, corporate entities must be represented by an attorney.  *See* DUCivR 83-1.3(c) ("Individuals may represent themselves in the court.  No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court."); *see also, e.g.*, *Rowland v. California Men's Colony*,

506 U.S. 194, 201-02 (1993); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840); *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001).

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Petitioner's motion for a prejudgment writ of attachment[8] is **GRANTED**.

2. Petitioner's counsel shall prepare and submit to this court the necessary paperwork for issuance of the writ.

**IT IS SO ORDERED**.

DATED this 30th day of September, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 20.